Jay D. Ellwanger (CA Bar No. 217747)
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Highway, Ste. 190
Austin, Texas 78731
(737) 808-2260
(737) 808-2262 (fax)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY LINDSAY MORGAN SMITHLINE,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN WARNER a/k/a MARILYN MANSON, individually, MARILYN MANSON RECORDS, INC.,<br><br>Defendant. | Case No. 2:21-cv-05289-FLA (MARx)<br><br>**MOTION TO WITHDRAW REPRESENTATION**<br><br>Date: September 30, 2022<br>Time: 1:30 p.m.<br>**Crtm: 6B**<br><br>**(JURY TRIAL DEMANDED)** |

## MOTION TO WITHDRAW REPRESENTATION

Pursuant to California Rule of Professional Conduct 1.16(b)(4-6), Jay D. Ellwanger ("Counsel") respectfully requests that the Court allow him to withdraw as counsel for Plaintiff Ashley Lindsey Morgan Smithline ("Plaintiff").

Under the Local Rules, an attorney may not withdraw as counsel except by leave of court. L.R. 83-2.3.2; *360 Accounting Solutions, LLC v. Tax Associates, Inc.*,

2022 WL 886127 at *1 (C. D. Cal. Feb. 9, 2022). The motion for leave to withdraw must be supported by good cause. *Id.* District courts have broad discretion in determining what constitutes good cause under a particular set of circumstances. *Id.* at *2. Federal courts may, and often do, look to applicable state rules to determine whether good cause exists to excuse counsel from further representation. *Gaudio v. Critical Mass Industries LLC*, 2020 WL 12176164 at *1 (C. D. Cal. Dec. 30, 2020); *Stewart v. Boeing Co.*, 2013 WL 3168269 at *1 (C. D. Cal. Jun. 19, 2013).

This Court looks to the California Rules of Professional Conduct in assessing motions to withdraw. *Almont Ambulatory Surgery Center, LLC et al v. UnitedHealth Group, Inc. et al*, 2020 WL 10762233 at *2 (C. D. Cal. Mar. 30, 2020)(citing *Stewart*, 2013 WL 3168269 at *1; *U.A. Local 342 Joint Labor-Mgmt. Comm. v. City Refrigeration, Inc.*. 2010 WL 1293522 at *3 (N. D. Cal. Mar. 31, 2010). The court in *Almont* held that "as long as an attorney's 'withdrawal can be accomplished without undue prejudice to the client's interest,' the attorney does not have to provide a cause for withdrawal from the case." *Id.* at *2 (C. D. Cal. Mar. 30, 2020)(citing *Ramirez v. Sturdevant*, 21 Cal. App. 4th 904, 915 (1994))(deciding that there exists no basis in law or in fact for the conclusion that an attorney never may withdraw from a case except for cause.)). Accordingly, and despite counsel's stating "without providing any additional details, that a breakdown in the relationship with the [clients] ha[d] resulted in irreconcilable differences," this Court granted dismissal, deeming withdrawal unlikely to prejudice the parties or unduly delay the litigation where no

2

**MOTION TO WITHDRAW**

party opposed the withdrawal and where the moving attorney provided enough notice for the clients to seek new counsel. *Id*

Further, this Court recently held in *Marketsource, Inc. v. Incipio, LLC* that good cause was satisfied where the client had *consented* to withdrawal, holding (1) that "failure or the inability to pay legal fees is a proper ground for withdrawing as counsel"; (2) that the litigation had not reached a "critical point" suggesting undue prejudice to the opposing party; and most significantly, (3) that even where the client might be prejudiced by the withdrawal, their "consent to the withdrawal moots any harm [client] may suffer." 2021 WL 6104873 at *2 (C. D. Cal. Sept. 3, 2021) (citing *McNalley v. Commonwealth Fin. Sys., Inc.*, 2013 WL 685364 at *1 (S. D. Cal. Feb. 25, 2013)("Defendant's consent . . . establish[es] good cause for withdrawal"). The implication of this holding is that even where the client might be prejudiced by the withdrawal, their counsel may regardless be able to show "good cause" where the client has consented to it (and presuming absence of unfair prejudice to the other party). The court in *Ramirez* interpreted "good cause" under Rule 3-700 [now Rule 1.16] of the California Rules of Professional Conduct in conjunction with CA Civ Pro Code § 284 (providing that an attorney may withdraw upon consent of both client and attorney *or* upon the order of the court) to find that "[i]mplicit in these provisions is the conclusion that an attorney is entitled to withdraw, either with the consent of his or her client, or without that consent if withdrawal is approved by the court." 21 Cal. App. 4th 904 at 915. Where the client had consented, the exercise of

3

MOTION TO WITHDRAW

reasonable discretion dictates that "[t]here is no reason here why a court might decline to permit withdrawal." *Id*.

As evidenced by the Declaration of Jay D. Ellwanger, filed concurrently herewith, on or about March 19, 2021, Plaintiff engaged Ellwanger Law LLLP to represent her in preparation to file the above-referenced lawsuit (the "Retainer Agreement"), which was filed on June 29, 2021. Plaintiff's conduct has rendered it unreasonably difficult for Counsel to carry out the representation effectively. Specifically, Plaintiff has breached Paragraphs 9 and 16 of the Retainer Agreement, which govern the duties of Plaintiff to Ellwanger Law LLLP.

Counsel provided Plaintiff a reasonable warning after the breach that Counsel would withdraw unless Plaintiff fulfilled the terms of the Retainer Agreement. Plaintiff thereafter knowingly and freely assented to termination of the representation on or about August 19, 2022. Counsel provided written notice to Plaintiff of their intent to file this Motion on August 26, 2022.

Plaintiff will not be prejudiced by the withdrawal. Counsel served Requests for Production and Interrogatories on Defendant on August 9, 2022. Defendant served Requests for Admission on Plaintiff on August 9, 2022 and Requests for Production and Interrogatories on August 23, 2022. No depositions have been scheduled in the case and no documents have been exchanged by the parties. Discovery closes February 10, 2023 and trial filings are due in May 2023. So that Plaintiff may have a reasonable amount of time to secure replacement counsel,

4

**MOTION TO WITHDRAW**

Counsel resprectfully requests a 90 day extension to all outstanding discovery requests by Defendant.

Written notice of Counsel's intention to withdraw was served on Defendants' counsel on August 25, 2022. Plaintiff does not oppose the relief sought in this motion. Defendants' counsel has indicated that they do oppose the relief sought in this motion.

## CONCLUSION

For these reasons, Counsel asks this Court to grant his motion to withdraw as counsel of record for Plaintiff, and for a 90 day extension for Plaintiff to respond to all written discovery propounded by Defendants.

Dated: August 27, 2022                    Respectfully submitted

                                                         /s/ Jay D. Ellwanger
                                            Jay D. Ellwanger
California Bar No. 217747
**ELLWANGER LAW LLLP**
8310-1 N. Capital of Texas Hwy., Suite 190
Austin, Texas 78731
jellwanger@equalrights.law
Telephone: (737) 808-2260
Facsimile:  (737) 808-2238

**COUNSEL FOR PLAINTIFF**

5

MOTION TO WITHDRAW

**CERTIFICATE OF CONFERENCE**

On August 25, 2022 I conferred multiple times via e-mail with counsel for Defendants. Howard King, lead counsel for Defendants, indicated that he did not have enough information to determine whether or not to oppose or not oppose my withdrawal. I responded that I could not provide him those details, as they are subject to the attorney-client privilege, and that I would therefore indicate that Defendants are opposed to the relief sought herein.

/s/ Jay D. Ellwanger

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served on all counsel of record via ECF on August 27, 2022.

/s/ Jay D. Ellwanger